**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

CARNIE NORRIS,

    *Petitioner-Appellant,*

v.

STATE OF SOUTH CAROLINA; PHILLIP McCLOUD, Warden of Peery Correctional Institution; CHARLES M. CONDON, Attorney General of the State of South Carolina,

    *Respondents-Appellees.*

No. 01-8075

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CA-00-2333-2-18)

Submitted: April 29, 2002

Decided: May 17, 2002

Before MICHAEL and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

## COUNSEL

Carnie Norris, Appellant Pro Se. Donald John Zelenka, Chief Deputy Attorney General, Jeffrey Alan Jacobs, OFFICE OF THE ATTORNEY GENERAL, Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## **OPINION**

PER CURIAM:

Carnie Norris seeks to appeal the district court's order denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 2001). In his federal habeas petition, Norris raised ten claims, three of which he first raised in his petition for post-conviction relief before a circuit court in South Carolina ("PCR petition"), and seven he raised for the first time in a pro se filing supplementing his petition for a writ of certiorari to the South Carolina Supreme Court, filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Johnson v. State*, 364 S.E.2d 201 (1988).\* For the following reasons, we deny a certificate of appealability and dismiss.

With respect to the first set of three claims, which were initially raised in Norris' PCR petition, we have reviewed the record and the district court's opinion accepting the recommendation of the magistrate judge and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal as to those claims on the reasoning of the district court. *See Norris v. South Carolina*, No. CA-00-2333-2-18 (D.S.C. Nov. 6, 2001). To the extent Norris contends he was entitled to an evidentiary hearing as to those claims, each of which relates to the validity of his guilty plea to common law robbery, Norris' factual allegations are insufficient to overcome the strong presumption of correctness accorded state courts factual determinations, *see* § 2254(e)(1), and the formidable barrier Norris' sworn statements at his plea hearing pose in any subsequent collateral proceedings. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Accordingly, we find no error in regard to the district court's resolution of those claims without a hearing.

---

\**Johnson* reaffirms South Carolina's authorization of *Anders* appeals from post-conviction proceedings, despite the Supreme Court's earlier holding in *Pennsylvania v. Finley*, 481 U.S. 551 (1987), that such appeals were not required.

With respect to the seven claims the district court dismissed as procedurally barred based upon the report and recommendation of the magistrate judge, we conclude that although they are not procedurally barred, the claims are meritless. The district court concluded that because Norris raised these issues for the first time in his petition for a writ of certiorari to the South Carolina Supreme Court, filed pursuant to *Johnson*, Norris' claims were both unexhausted and procedurally defaulted. While we conclude the claims were not procedurally barred, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) (citing *Re Exhaustion of State Remedies in Criminal & Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990)); *Harris v. Reed*, 489 U.S. 255, 265 n.11 (1989); *State v. McKennedy*, 559 S.E.2d 850, 854 (S.C. 2002), they were nevertheless properly subject to dismissal. Claims 3, 4, 7, 9, and 10 allege errors of state law, and as such do not constitute a basis for federal habeas corpus review. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Furthermore, Norris' claim that his post-conviction attorney failed to appeal denial of his state habeas petition is meritless, as ineffective assistance of counsel during state post-conviction proceedings is not cognizable under § 2254. *See* § 2254(i). Nor does Norris' final allegation, that despite his sworn statements to the contrary at his guilty plea hearing he did not actually commit the crime for which he pled guilty, support his claim for habeas corpus relief. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see also North Carolina v. Alford*, 400 U.S. 25 (1970).

Finally, we find no merit to Norris' allegation that the district court abused its discretion in failing to sanction the Appellees. Accordingly, we deny a certificate of appealability and dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*